Richard Kleinhammer, Pro se
P.O. Box 649
Cayucos, CA 93430-0649
Phone: 805 801-1881
kleinhammerlaw@hotmail.com



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD KLEINHAMMER,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendant(s) | Case No.: CV-08-3843-JFW(JEM)<br><br>~~[PROPOSED]~~<br>PROTECTIVE ORDER<br>RE: PLAINTIFF'S MEDICAL RECORDS AND INFORMATION<br><br>Case Filed: June 12, 2008<br>Discovery close: June 17, 2011<br>Pre-trial conference: none set<br>Trial: none set<br><br>The honorable John E. McDermott |

This order governs the production to defendants of the medical records specified in their subpoena to Dr. Kunin.

In connection with discovery of medical records there is a presumptive need to protect these sensitive disclosures. *See* Fed. R. Civ. Proc. 26(c).

Pursuant to the Department of Health and Human Service regulations a "covered entity" may disclose only the protected health information expressly authorized by this order. 45 C.F.R. § 164.512(e)(1)(i). This court has determined that doctor Kunin is a "covered entity" that provides public health information or paid medical services.

Therefore in accordance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR § 164.512(e), doctor

1

Kunin is authorized to produce to defendants counsel the medical records specified in their subpoena to Dr. Kunin. However after the June 14, 2011 order to compel production of medical records the subpoenaed medical records were subsequently produced and docketed on June 16, 2011.

**PROTECTED MATERIAL AS FOLLOWS:**

CONFIDENTIAL DEFINED

1. Plaintiff's medical and health records are defined as confidential pursuant to HIPAA except medical bills and, therefore, additional disclosures will be conducted pursuant to the following terms, restrictions and conditions.

PRESUMTIVELY PUBLIC

2. All court records are presumptively available to the public.

> In this case medical records to be produced by doctor Kunin have already been docketed. In addition doctor Ashby, Leary, Chou, Gunzdik, Cassim and other medical records regarding plaintiff have also been docketed.

3. The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source

who obtained the information "lawfully", that was not objected to, and is under no obligation of confidentiality to the Designating Party accept as follows:

### CONFIDENTIAL DESIGNATION

4. Any production of information by the parties, counsel, individual or a covered entity without its being designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall not be deemed a waiver of any claim of confidentiality as to such information, and the same may thereafter be designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER".

5. Within 5 days of this order all medical and health records already received and those received thereafter shall be stamped or embossed with a legend stating *"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"*.

6. Within 10 days of this order any covered entity will be served with this protective order that has already provided medical records or information and notice shall also be served on all parties.

7. A party or protected third party may designate information as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER regarding any health or medical information or materials it produced or produces, either voluntarily or pursuant to discovery in this action, to any party in connection with this action, to the extent such information constitutes confidential information as defined by this order.

8. The designation by a third party or party as confidential constitutes a representation to the court that such party or protected person in good faith believe that the information so designated constitutes confidential information.

9. Subsequent medical and health care designated or labeled CONFIDENTIAL materials are to be filed under seal unless there is a waiver of confidentiality by plaintiff.

## LIMITED DISCLOSURE

10. This order prohibits the parties from using or disclosing the Confidential protected medical and health information for any purpose other than the litigation or proceeding for which such information was requested.

11. This order prohibits the parties from using or disclosing the Confidential medical and health materials or qualifying as confidential other than for purposes solely related to this litigation and for no other purpose.

12. Notwithstanding the provisions of this protective Order, nothing in this Order shall:

    a. limit plaintiff from disclosure of his own Confidential protected information and health records.

    b. limit the author or designee from disclosing and presenting health records for purposed related to this litigation or related litigation.

13. Information contained in Plaintiff's medical records shall be disclosed only to counsel of record in this action or only to individuals certified by such counsel as employed by or assisting counsel in preparation for, or at the trial of, this action and further includes disclosure to:

    a. The court and all person assisting the Court in this actions
    b. The jury if presented at a trial
    c. The party or non party that authored or produced the records
    d. any other individual that the parties agree to in writing
    e. a judge or magistrate at a hearing
    f. a consultant or expert qualified to review medical and health records

Before viewing the privilege medical records all individuals assisting defendants counsel in some manner related to this litigation shall be provided a copy of this order and sign the attached exhibit A non-disclosure agreement which must delivered to plaintiff within 5 days.

## USE AT TRIAL

14. In the event that this case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of this protective order becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## CONTESTING DESIGNATION AND OBJECTIONS

15. This Order presumptively categorizes medical and health information and material as confidential. This order is made without prejudice to a party's right to contest a particular document or portion thereof as being non confidential. Parties should attempt to resolve any disputes about the designation prior to seeking relief from the court.

16. This order is made without prejudice to presenting any timely objections unless already untimely to the contest the relevancy, admissibility, materiality and other properly raised objections to medical and health information and documents whether designated Confidential or non Confidential.

## PROCEDURES UPON TERMINATION

17. Within 60 days after the final disposition of this action each Receiving Party or individual must return all designated Confidential Protected Material to the plaintiff or destroy such material. As used in this subdivision, "all Confidential Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Protected Material. Whether the Confidential Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the plaintiff by the 60 day deadline that (1) identifies (by category, where appropriate) all the Confidential

Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Protected Material. Any such archival copies that contain or constitute Confidential Protected Material remain subject to this Protective Order.

The Court thanks counsel for their anticipated cooperation and compliance with this order.

DATED: 7/6/2011

_____
Hon. John E. McDermott

# EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD KLEINHAMMER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendant(s) | Case No.: CV-08-3843-JFW(JEM)<br><br>**[PROPOSED]**<br>**PROTECTIVE ORDER**<br>**RE: PLAINTIFF'S MEDICAL RECORDS AND INFORMATION**<br><br>Case Filed: June 12, 2008<br>Discovery close: June 17, 2011<br>Pre-trial conference: none set<br>Trial: none set<br><br>The honorable John E. McDermott |

**ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**

I, _____, declare as follows:

1. My name is _____. I live at _____. I am employed as _____ (state position) by _____ _____ (state name, address and telephone number of employer).

2. I am aware that the parties have entered into a Stipulated Protective Order (the "Order") in the above-captioned litigation in the United States District Court for the Central District of California. A copy of the Order has been given to me and I have carefully read and understand it.

3. I promise and agree that material and information designated as "Confidential" or "Confidential – Subject To Protective Order" under the Order will be used by me only under and in accordance with the terms of the Order.

4. I promise and agree that I will not disclose or discuss Confidential Material to or with any person other than those persons specifically listed in the Order as authorized to receive such information or material, and according to the procedures therein specified and solely related to the pending litigation.

5. I understand that any use or disclosure of Confidential Material or any portions or summaries thereof or any information obtained therefrom in any manner contrary to the provisions of the Order, may subject me to personal liability and the sanctions of the Court.

6. I agree to submit to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the terms of this Order even if such enforcement proceedings occur after termination of this action.

7. I understand that this agreement is being mailed to the plaintiff.

I declare under the penalties of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

DATED this _____ day of _____, 201_

(Signature) _____
Printed Name_____